People of the State of CALIFORNIA, ex rel. Bill LOCKYER Attorney General of the State of California, Plaintiff–Appellant,

v.

SEMPRA ENERGY TRADING, Defendant–Appellee.

No. 06–56799.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2008.

Filed Sept. 11, 2008.

Annadel Angeline Almendras, Office of the California Attorney General, San Francisco, CA, Martin H. Goyette, Oakland, CA, for Plaintiff–Appellant.

Daniel M. Wall, Latham & Watkins, LLP, San Francisco, CA, Alan Z. Yudkowsky, Stroock & Stroock & Lavan, Los Angeles, CA, for Defendant–Appellee.

Before: KOZINSKI, Chief Judge, ALDISERT * and BEA, Circuit Judges.

MEMORANDUM **

The State of California, dissatisfied with the Federal Energy Regulatory Commission's ("FERC's") final adjudication against Sempra Energy Trading, filed this action in state court. The State's complaint alleges only California state law causes of action, but Sempra removed the case to federal court on the grounds that federal law governed. The district court then granted Sempra's motion to dismiss,

holding that field and conflict preemption and the filed rate doctrine all barred the State's complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. Subject Matter Jurisdiction

■ A plaintiff cannot avoid federal jurisdiction "by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." *Lippitt v. Raymond James Financial Servs., Inc.,* 340 F.3d 1033, 1041 (9th Cir.2003) (citations omitted). The State narrowly crafted its complaint to focus on violations of state law in an effort to avoid invoking the FERC-approved rate. The bases for the award of damages, however, are actions taken by Sempra pursuant to FERC-approved rates because FERC regulates the rates, transmission, and sale of wholesale energy. 16 U.S.C. § 824(b)(1). Further, to determine whether fraud occurred, the State must contest the terms of FERC's filed rates in 2000 and the modifications imposed by FERC in 2005. Claims invoking FERC-approved rates in the wholesale energy market under the California unfair competition laws are within the exclusive jurisdiction of FERC and thus of the federal courts. *See Pub. Util. Dist. No. 1 of Grays Harbor County Wash. v. IDACORP, Inc.,* 379 F.3d 641 (9th Cir.2004); *State of California v. Dynegy,* 375 F.3d 831, 853 (9th Cir.2004). Accordingly, the district court had subject matter jurisdiction over this case.

## II. Preemption

State law causes of action are preempted by federal law where there is field preemption, conflict preemption, or where

* The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the filed rate doctrine applies. *Public Utility No. 1 of Grays Harbor County Washington v. IDACORP, Inc.* 379 F.3d 641, 647 (9th Cir.2004). The district court correctly found that the Federal Power Act preempted the State's cause of action on all three bases.

## A. *Field Preemption*

■ The State's complaint is based on Sempra's alleged fraudulent actions to inflate the price of wholesale energy. The Federal Power Act grants FERC exclusive jurisdiction over the rates, transmission and sale of wholesale energy. *Id.* at 646; *Dynegy*, 375 F.3d at 851. FERC also has exclusive regulatory power to take corrective action against firms engaging in gaming or anomalous market behavior. *See FERC Market Monitoring & Info. Protocol*, 1.1.1—1.3.1.3 & 2.3.1. The State alleges Sempra's actions artificially increased the rate of wholesale energy prices. This entails disrupting the entire wholesale energy market, over which FERC has exclusive authority. Thus, FERC's jurisdiction extends to fraudulent transmission or sale of wholesale energy, and the State's complaint is barred by field preemption.

## B. *Conflict Preemption*

■ California's state law claims conflict with the Federal Power Act's provision covering the transmission of energy in interstate commerce. *See* 16 U.S.C. § 824(b)(1). Because the State claims Sempra manipulated the market to inflate prices above the fair market price, the district court would need to determine the fair market price of the wholesale energy rate under state law at the time in question to resolve the State's claims. Thus, the State's complaint conflicts with FERC's authority to approve or modify wholesale rates because this suit challenges the validity of FERC's filed rates. *Grays Harbor*, 379 F.3d at 650.

FERC has already determined the fair market price and made adjustments (and levied fines) to account for excess profits. A state law claim that found a different fair market price would directly interfere with FERC's regulation of wholesale electricity rates. *Id.* Further, although the State couches its damages in terms of incidental expenses, none of these expenses would be recoverable absent a finding that Sempra artificially inflated the fair market price. Thus, the district court correctly found the imposition of civil statutory penalties under California law would conflict with the purposes and objectives of the Federal Power Act. *See Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 308, 108 S.Ct. 1145, 99 L.Ed.2d 316 (1988).

## C. *The Filed Rate Doctrine*

■ The "filed rate doctrine" provides federal agencies with exclusive rate-setting authority. *Grays Harbor*, 379 F.3d at 650. The State contends Sempra committed fraud because it claimed energy was imported, when the energy was already in the state and had merely been rerouted. Here again, the State's complaint challenges FERC's approved final rate by asking a hypothetical—whether the filed rate should have been approved and accepted. Accordingly, the State's complaint is also barred by the filed rate doctrine. *See id.* at 650–51.

**AFFIRMED.**